Haynes, J.
In this case a petition in error is filed for the purpose of reversing or modifying the judgment of the court of common pleas in a matter arising out of certain facts set forth in the petition,the record showing substantially this state of facts: Rudi was the owner of some stock — cows—and pastured them in a lot upon his place in the township of Sylvania. The record shows that this lot was properly enclosed, and that the cattle were in the lot,and were seen there as late as four o'clock in the afternoon. They were then near a fence which led towards the house, and, as the witness testified, seemed to be thirsty and wanted to go up to where the well was. A couple of hours afterwards a young man belonging to the family, went out to look for the cows, and finding that they were not in the pasture, he looked around and discovered that the gate in thefence which ran from the pasture to the road, was broken down, and that the cows,evidently, had gone through that. He immediately started to find .the cows, and did find them. I think, however, that he went back to the house, probably to get the hired man, and *530 they started out to find the cows,going down the road a little ways, to an open gate upon that road, which led into the premises of a neighbor, and passing through this gate, they found the fence down that led from this lane into the lot of this neighbor and connected with an adjoining lot, and the cattle had wandered into that, and finding a potato and cucumber patch, they were making themselves at home.
The owner of the premises,in the meantime, had discovered the cows, and had shut then up in his yard, and when the hired man and boy came after the cows, he refused to give them up unless they would pay him for the damage that they had committed, and I don’t know but some costs and expenses. Thereupon the owner of the cows proceeded to replevin them. The case before the justice went by default, I think,and came into the court of common pleas; and upon the trial there had, there were two issues presented. The first was as to the right to recover the cattle; and the other was a claim set up by the defendant — Lang—for damages; and that appeared to be a question of the construction of the statutes, and after the charge of the court, the jury returned a verdict in which they found for the plaintiff, and that he was entitled to the immediate possession of the cattle; and on the claim for damages, they rendered a verdict of five dollars, and notwithstanding the objections of the counsel for the plaintiff, a judgment was rendered by the court upon that verdict. ■
There are two or three statutes bearing upon this question; The first is Sec. 4202, which reads as follows:
■ ■ “No person or corporation, being the owner or having-the charge of any horses, mules, cattle, sheep, goats, swine, - or geese, shall suffer the same to run at large in any public road or highway * * *.
And further on:
“And any person violating the provisions of this section shall forfeit and .pay for every such violation, as penalty therefor,not less than one dollar nor more than five dollars; *531 continued violation, after notice or prosecution,shall be held to be an additional offense for each and every day of such continuance. ”
That is under the head of “Animals.”
Under the head of “Fences,” (Sec. 4251) there is this provision:
• “If any horse, mule,ass, neat cattle, hog, sheep, or goat, running at large, break into or enter any inclosure, other than inclosures of railroads, the owner of any such animal shall be liable to tie owner or occupant of such inclosure for all damages occasioned thereby; and the animal so breaking into or entering any inclosure shall not be exempted from execution issued on a judgment rendered in any court, or before an officer having jurisdiction, for damages occasioned by such trespass.”
The court, under the first section, in its charge gave to the jury some requests asked for by the defendant; he practically charged the jury in that case, that if they found that the cattle were not suffered to run at large by the owner, he would not be liable for any penalty; and he further charged the jury, that in any event, the owner of the premises would not have a right to detain the cattle as against the owner. Acting upon that, the jury returned a verdict for the plaintiff,and found that he was entitled to the right of possession at the commencement of the action.
Upon that we think there is no question but what the court charged rightfully. It has been decided in the seventh Circuit,reported in 4th Cir. Ct. Reports,that the rule of the common law, in regard to the taking up of animals found trespassing upon premises, does not obtain in Ohio, and we suppose that ruling to be correct.
The error that the court fell into, if it fell into any error, will be found further on in the charge. I will read from that:
“Now, as to the damages. If you find that these cattle were running at large, unlawfully,under section 4202, then., although the defendant had not the right to detain this prop *532 erty until the damages, whatever they may have been, were paid, still, under his cross-petition in this case, you would be entitled to determine the question whether such damages, were sustained, and whatever amount you find, if any, that was sustained from the cattle at the time — that is, at the time of the trespass for which they were taken up — you would be entitled to render a verdict against the plaintiff for such damages. And in addition to that, if you find any, that is without regard to the question, whether the defendant’s land was fenced or not — because so says the statute; but there is another provision to which I will call your attention, and that is section 4251:
“Sec. 4251. If any — -neat cattle — running at large,break into or enter any inclosure,other than inclosures of railroads, the owner of any such animal shall be liable to the owner or occupant of such inclosure for any and all damages, occasioned thereby. ” .
And even if you should find for the plaintiff, that the defendant did not properly take up these cattle, and that the plaintiff was entitled to the possession of the property, still you would then go to the inquiry whether the defendant’s lands were enclosed. If they were enclosed, he could not recover any damages, unless he recovered them under section 4202; but if they were running at large,and if his lands were enclosed, then he would be entitled to recover any damages that were sustained at the time of or in connection with the breaking in at this time under question, and you have already been advised during the progress of this trial —whether rightfully or wrongfully, it is not for you to determine. — .that it is only in any - event for damages in connection with this breaking and entering of the cattle into the defendant’s land, that you can assess any damages.’’
We are unable to see or discover any principle of law upon which this judgment for five dollars cau be sustained in this case. The testimony shows that the cattle were not running at large upon the street — were not generally running at large. I think it shows that the cattle broke out without knowledge or fault on the part of the owner, and the case stands here as one where the owner of the land *533 undertook to take possession of these cattle for alleged wrongs that he had suffered from the cattle. The jury by their verdict, found that the cattle were not violating the statute, and as a necessary corollary to that, it results that he had no right to detain the cattle, and had no authority to detain them, We are a little at a loss to know upon what theory the court proceeded; but it would seem that the court supposed that these damages would be a matter that would be subject to a counter-claim, and that the verdict would be sustained upon the principle that there was a right of action on the part of defendant, and that that was a proper subject for a counter-claim. We are unable to find any principle upon which a counter-claim can be sustained. The owner of these premises was detaining these cattle wrongfully. The case stands very much as if a person owing another should have possession of his cattle, and the creditor should undertake to keep possession of these cattle until his debt was paid, and then upon the replevin of the cattle by the owner, he should set up the amount of his debt as a counter-claim. There is no connection between these transactions, and we see no connection in the transactions set forth in the case at bar which would sustain this claim as a counter-claim, and, for that reason, the judgment of the court of common pleas will be reversed in so far as it rendered a judgment against the plaintiff for five dollars and his costs of the action, and as to the balance it will stand affirmed.
J. O. Jones and M. B. Lemmon; for Plaintiff in Erfor,
L. H. Pike, for Defendant in Error.